*JEFFERSON.*
*August, 1818.*

Ohio
*v.*
Erwin.

---

## OHIO vs. ERWIN.

### MOTION FOR A NEW TRIAL.

A tavern keeper leased a room in his tavern to a family for three months during the lease; prohibited games were played in the room so leased, apparently with the knowledge of the landlord, held that he was liable to the penalties of the law for suffering prohibited games to be played within his tavern.   The defendant was indicted for that, he being a licensed tavern keeper , did on, &c. at, &c. suffer a certain game with cards, commonly called the game of loo, to be played within his tavern, &c. Plea, not guilty.   Verdict guilty.

It appeared in evidence that last Christmas a number of persons played at loo some hours in a room of the defendant's tavern, over the bar room, that one Haviland and his wife occupied the room under a

JEFFERSON.   parol lease for three months.  Money was lost and won
August, 1818.   and liquor brought into the room, but whether from the
Ohio        bar or not did not certainly appear, the house was
v.          situated a mile from any place at which liquor could
Erwin.
be bought;   the defendant was asked at the time if a party were
playing up stairs, he replied " the room over the bar is rented, as
to any gambling in my house I do not allow. of it."   GOODENOW,
for the defendant, moved for a new trial " because the verdict is
against the evidence given in the case."   HALLOCK, contra.

PRESIDENT.—It was urged in support of the motion for a new trial
that the room in which the gaming was carried on being at the time
in the occupancy of a tenant formed no part of the defendant's tavern,
and therefore that he cannot be charged with suffering prohibited
games to be played therein.  If this position is correct, the verdict is
contrary to evidence and a new trial ought to be granted.  Whatever
power over his inmates and tenants, the owner of a private dwelling
house may have, it seems clear from the statute that a tavern keeper
may not suffer any persons whatever, either tenants or travellers,
either his own family or guests, to play at any of the games prohibited
by the statute " at or within such tavern, or in any out house appen-
dant thereto : " the law imposes it as a duty upon a tavern keeper to
prevent gaming in his house, the words " at or within " includes the
whole of the house and its appendages.  If he rents a room to a com-
pany of gamblers, such renting does not detach and separate the
rented room from the tavern, it continues still as before " at or within "
his house, and if under a supposition that he has given up all control
over the inmates of the room, he neglects to prevent the playing at
unlawful games, it is an act, voluntary on his part ; he suffers the ten-
ants to do as they please, and if they play at games prohibited, it is
himself that suffers such conduct, " at and within his house ; " to put
any other construction on the act would, instead of obeying the
injunction of the statute so to construe it as to suppress the mischiefs
prohibited by it, be, to contrive ways and means to evade it.  The law
supposes every keeper of a public house possesses authority sufficient
to prevent rioting, drunkenness and gaming, in or at his house, and
it punishes him for not executing that authority effectually.  It is no
excuse that he has agreed not to exercise it, that he has given up the
dominion to others ; he is responsible not for acts done by himself but
for suffering such acts to be done by others, in a place licensed for
public entertainment and which the law intends to prevent being

made a rendezvous for drunkards and gamblers; by neglecting to exercise a sufficient degree of vigilance to prevent, he suffers the unlawful act to be done.—There may be cases in which it may appear that games prohibited by the statute have been played in a tavern in fraud of the landlord, and notwithstanding the exercise of a reasonable vigilance on his part to prevent it: he would not be chargeable for suffering what he could not prevent, but to excuse himself on that ground, it is incumbent on him to shew such matters in evidence. The former statute punished tavern keepers for " knowingly permitting " gaming in their houses, it was necessary in indictments under it to prove that the tavern keeper did in fact know of the gaming charged to have been done; the present statute seems calculated to prevent any evasion of it by pretended ignorance; it punishes the tavern keeper who " suffers " gaming in his house. It is not necessary to prove that he knew of the gaming, it is sufficient if there has been gaming suffered to be carried on by his connivance or negligence. The evidence in this case would warrant the conclusion, however, that the defendant knew that a company were playing in a room over his bar room, and that he supplied them with liquor; in no point of view, therefore, is the verdict against evidence. New trial refused.